UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

URSULA GRIMSLEY,

        Plaintiff,

vs.

        Case No.:

DOLLAR TREE STORES, INC., and
FAMILY DOLLAR STORES OF
FLORIDA, LLC,

        Defendant.

_____

## DEFENDANTS DOLLAR TREE STORES, INC AND FAMILY DOLLAR STORES OF FLORIDA, LLC'S NOTICE OF REMOVAL

Defendants, DOLLAR TREE STORES, INC. ("Defendant Dollar Tree") and FAMILY DOLLAR STORES OF FLORIDA, LLC ("Defendant Family Dollar"), (hereinafter collectively "Defendants"), hereby give notice of Removal of the above captioned action from the Circuit Court of the Fifth Judicial Circuit, in and for Marion County, Florida, in which this action is now pending, to the United States District Court, Middle District of Florida, Ocala Division, and respectfully represent as follows:

    1.    On or about July 7, 2023, an Amended Complaint was served on Defendants. The civil action entitled *URSULA GRIMSLEY v. DOLLAR TREE STORES, INC., and FAMILY DOLLAR STORES OF FLORIDA, LLC*, was commenced in the Circuit Court, Fifth Judicial Circuit, in and for Marion County,

Florida, and assigned case number 2022-CA-0703. This action was filed in the Marion County Circuit Court on March 20, 2023. A copy of the Amended Complaint, as well as all other materials contained within the underlying State Court file are attached hereto as composite **Exhibit A**.

2. This action is properly removable pursuant to 28 U.S.C. §1441 and this Notice of Removal is filed within the thirty (30) day statutory period for removal under 28 U.S.C. §1446(b).

## CITIZENSHIP

3. There is complete diversity of citizenship between the parties to this cause.

4. Plaintiff is a citizen of the State of Florida. *See* Pl.'s Am. Compl., ¶ 2, attached within composite **Exhibit A**.

5. Defendant Dollar Tree is a Foreign Profit Corporation duly organized under Virginia Law with its principal place of business in Virginia. Defendant Dollar Tree's Foreign Profit Corporation Annual Report is attached hereto as **Exhibit B**. Pursuant to 28 U.S.C. § 1332(c), a foreign corporation is deemed to be a "citizen of every [s]tate and foreign state by which it has been incorporated and of the [s]tate or foreign state where it has its principal place of business." *See Riley v. Merrill Lync, Pierce, Fenner and Smith*, 292 F. 3d 1334, 1337-1338 (11th Cir. 2002). Accordingly, Defendant Dollar Tree is a citizen of Virginia.

6. The only member of Family Dollar Stores of Florida, LLC, is Family Dollar Stores, Inc. (*See* **Exhibit C**, paragraph 8). In turn, Family Dollar Stores, Inc. is a foreign company duly organized as a corporation under the law of the Commonwealth of Delaware and has its principal place of business in Virginia. (*See* **Exhibit D**). As such, Defendant Family Dollar is a citizen of Delaware and Virginia. For purposes of diversity of citizenship, a "limited liability company is a citizen of any state of which a member of the company is a citizen." *Thermoset Corp. v. Bldg. Materials Corp. of Am.,* 849 F. 3d 1313 (11th Cir. 2017) (citing *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F. 3d 1020, 1021 (11th Cir. 2004)).

7. Thus, Plaintiff and Defendants are diverse, as Plaintiff is a citizen of the State of Florida, Defendant Dollar Tree is a citizen of Virginia, and Defendant Family Dollar is a citizen of Delaware and Virginia.

## **AMOUNT IN CONTROVERSY**

8. This is a purported negligence action brought by the Plaintiff against the Defendants. As is expressly referenced in the Amended Complaint, the Plaintiff is seeking damages in excess of $50,000.00. (*See* Pl's Am. Compl., ¶ 1).

9. In determining the amount in controversy, where "Plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Gillinov v. Hillstone Restaurant Group, Inc.*, 92 F.

Supp. 3d 1251, 1253-1254 (S.D. Fla. 2015). The evidence that the Court can rely on is not limited in applying the preponderance of the evidence standard, and a defendant may use "their own affidavits, declarations, or other documentation – provided of course that removal is procedurally proper." *Pretka v. Kolter City Plaza, II, Inc.*, 608 F. 3d 744, 755 (11th Cir. 2010). "The Court may consider a pre-suit demand letter in determining whether the amount in controversy requirement is satisfied." *Gillinov v. Hillstone Restaurant Group, Inc.*, 92 F. Supp. 3d at 1254-1255; *but see Clifford v. BJ's Wholesale Club, Inc.*, 2016 LEXIS 147614 (S.D. Fla. 2016).

10. In the instant matter, on or around April 8, 2021, Plaintiff furnished Defendants with a pre-suit demand for $650,000 to settle her potential claims against Defendants. Therein, Plaintiff also identified she had already incurred $58,885.80 in medical bills at that time. Plaintiff's Demand Letter is attached hereto as **Exhibit E**. Plaintiff allegedly sustained injuries to her left ankle, left knee, and lower back. Plaintiff has scheduled surgery on her left knee and is waiting to schedule surgery on her left ankle.

11. Further, Plaintiff alleges in the Amended Complaint that she suffered injuries including, without limitation:

    a. Pain and suffering
    b. Disability
    c. Disfigurement
    d. Permanent and significant scaring

      e.      Mental anguish

      f.      Loss of the capacity for the enjoyment of life

      g.      Expense of hospitalization

      h.      Medical and nursing care and treatment

      i.      Loss of earnings

      j.      Loss of ability to earn money

      k.      Aggravation of previous existing conditions

*See* Pl.'s Am. Compl., ¶ 24, attached within composite **Exhibit A**.

12. Thus, the amount in controversy inarguably exceeds $75,000.00 for the reasons stated above.

## CONCLUSION

13. Because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, this Court has subject matter jurisdiction based on diversity pursuant to 28 U.S.C. § 1332. As such, this removal action is proper.

14. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action was promptly served on Plaintiff's counsel, and a Notice of Filing of Removal will be filed with the Clerk of the Circuit Court of the Fifth Judicial Circuit, in and for Marion County, Florida.

15. Defendants have served the instant Notice of Removal on Plaintiff's counsel. Defendants have also timely filed a Notice of Application for Removal with the Clerk of the Circuit Court of the Fifth Judicial Circuit.

16.   Accompanying this Notice of Removal is a Civil Cover Sheet as well as a check for the required filing fee.

17.   Defendants reserve the right to amend and/or supplement this Notice of Removal with information and additional bases for removal that may come to light upon further investigation.

**WHEREFORE**, the undersigned Defendants respectfully request that this action now pending in the Fifth Judicial Circuit in and for Marion County, Florida, be removed from there to this Honorable Court because of the complete diversity between the parties and the amount in controversy that exceeds $75,000.00.

Dated:  July 27, 2023.

/s/ Alison H. Sausaman_____
Alison H. Sausaman
Florida Bar No. 112552
Ashton T. Hampton
Florida Bar No. 1036032
CARR ALLISON
Truist Tower
200 West Forsyth Street, Suite 600
Jacksonville, Florida 32202
Telephone:  (904) 328-6456
Facsimile:   (904) 328-6473
Email:  asausaman@carrallison.com
Email:  ahampton@carrallison.com
Secondary Email: dwhite@carrallison.com
SecondaryEmail:  egaskill@carrallison.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of July, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will provide notice of electronic filing and a copy of the foregoing to the following:

Cosmo Bloom, Esquire
Katherine Bloch, Esquire
DAN NEWLIN INJURY ATTORNEYS
7335 W. Sand Lake Road, Suite 300
Orlando, Florida 32819
Primary Email:
bloompleadings@newlinlaw.com
*Attorneys for Plaintiff*

/s/ Alison H. Sausaman_____
Alison H. Sausaman
Ashton T. Hampton
*Attorneys for Defendants*